UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| United States of America ) | |
|     Plaintiff ) | 2:05CV1193-T |
| ) | |
| v. ) | Case No: 93-310-N |
| ) | |
| Juanita Hart ) | |
|     Defendant ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO VACATE OR CORRECT THE SENTENCE**

    In support of the Motion filed herein, Defendant states as follows:

Summary of Facts

1. On or about August 15, 1994, the jury found Defendant Hart guilty of conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base in violation of 21 USC § 846.

2. On December 16, 1994, Defendant Hart was sentenced to 360 months based upon the United States Sentencing Guidelines.

3. Defendant's counsel at the time filed objections to the pre-sentence investigation report challenging enhancements for gun possession and perjury and the drug quantity of 500 grams – 1.5 kg that Defendant was held accountable for.

4. On or abut November 29, 2000, a court-appointed attorney filed an appeal in the United States Court of Appeals for the Eleventh Circuit arguing that the district court's enhancement of Defendant's sentence for gun possession and obstruction of justice violated the Sixth Amendment, as set forth in <u>Appendi v. New Jersey</u>, 530 US 466, 147 L.Ed.2d 435, 120 S.Ct. 2348 (2000), because none of these

2

factors were proven to the jury beyond a reasonable doubt. Defendant also argued that the imposition of a drug quantity violated the Sixth Amendment because such drug quantity was neither charged in the indictment nor proven to the jury.

5. The Appeals Court denied the appeal on the basis that it did not have appellate jurisdiction to entertain Defendant Hart's contention that the district court applied the improper standard of review to her motion for a new trial because she voluntarily dismissed her direct appeal of that order. With respect to her sentence, the Appeals Court stated that "although the district court did commit plain error in sentencing Defendant Hart because the drug quantity was not presented to the jury or contained in the indictment, her substantial rights were not affected given her admissions at trial and sentencing that she should be held responsible for 20 grams of cocaine base, an amount sufficient to warrant the sentence imposed." The Appeals Court finally ruled that the sentence increases for obstruction of justice and for possession of a firearm are not unconstitutional under Appendi because Apprendi is not applicable to sentencing factors.

**Legal Argument**

Section 2255 of Title 28 of the United States Code permits a prisoner in custody to move the court which imposed the sentence to vacate, set aside, or correct a sentence that was imposed in violation of the Constitution or the laws of the United States. The requirements of the Sixth Amendment states that defendants have the right to have the jury find the existence of "any particular fact" that the law makes essential to his punishment and the Fifth Amendment requires that all elements of a crime be proven

3

beyond a reasonable doubt. These rights are implicated whenever the judge seeks to impose a sentence that is not solely based on facts reflected in the jury verdict or admitted by the defendant.

In United States v. Booker, 125 S. Ct. 738, 160 L. Ed. 2d 621, the Supreme Court concluded that 18 USC § 3553(b)(1), which makes the Federal Sentencing Guidelines mandatory, is incompatible with the Sixth Amendment "jury trial" holding because it requires judges to impose or enhance a sentence based upon facts not determined by the jury or admitted by the defendant. The Supreme Court held that any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or jury verdict must be admitted by the defendant or proven to a jury beyond a reasonable doubt. Id. at 756, 650. The relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. Blakely v. Washington, 124 S. Ct. 2531, 2537,159 L. Ed. 2d 403, 414 (2004). The Supreme Court has consistently held that since the sentencing guidelines are binding on judges, they have the force and effect of laws. Booker, 125 S. Ct. at 750.

In this case, the judge sentenced Defendant Hart to 360 months which included a Base Offense Level of 36 because Defendant Hart was held accountable for 500 grams and 1.5 kg of cocaine and cocaine base and enhancements of 4 offense levels which included a 2-level increase for a weapon's possession and a 2-level increase for obstruction of justice. As discussed in more detail in the proceeding paragraphs, Defendant argues that the Base Offense Level and enhancements were imposed in

violation of the Sixth and Fifth Amendments of the Constitution as well as in violation of federal sentencing laws.

### Offense Level Computation for Drug Quantity

Defendant Hart was given a base offense level of 36 based upon a drug quantity between 500 grams and 1.5 Kilograms of cocaine base. At the sentencing hearing, the judge arbitrarily and without sufficient evidence found that Defendant Hart possessed and distributed 500 grams to 1.5 kg of cocaine base which is totally inconsistent with the evidence presented to the jury and in the indictment. *In fact, there was no drug quantity presented to the jury or in the indictment. Defendant did not admit to possessing or distributing 500 grams – 1.5 kg of cocaine base.* The Defendant admitted to 20 grams of cocaine base as submitted in Defendant's Objections to Presentence Investigation Report, which was filed on October 2, 1994. Defendant's admission of 20 grams of cocaine base was also confirmed by the appeals court in its ruling. *The appeals court stated that the Defendant admitted at trial and sentencing that she should be held for responsible for 20 grams of cocaine base…".* (See April 23, 2001 Order of the United States Court of Appeal for the Eleventh Circuit). Although Defendant Hart's appeal was denied based on a procedural flaw, it is undisputed that the sentencing court erred in the sentencing of Defendant Hart and that the sentence should have been based upon 20 grams of cocaine as opposed to 500 grams – 1.5 kg. A drug quantity of 20 grams would have resulted in an offense level of 28 and a guideline range of 78 – 97 months. Because there was no determination that Defendant Hart possessed 500 grams to 1.5 kg of cocaine at trial, Defendant Hart should not have received a sentenced that exceeded 20 grams of cocaine.

### Adjustment for Obstruction of Justice

At the sentencing hearing, the judge arbitrarily and without sufficient evidence found that Defendant Hart "willfully obstructed justice" resulting in a two level increase. Pursuant to USSG 3C1.1, the judge is required to increase the base level by two (2) levels if the defendant willfully obstructed or impeded, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct is related to the defendant's offense of conviction and any other relevant conduct. Comment #2 of the USSG 3C1.1 states that not all false testimony or statements by the defendant necessarily reflect a "willful attempt to obstruct justice." Comment #2 further states that a false statement may result from confusion, mistake, or faulty memory as opposed to a "willful" obstruction. Defendant was never charged with or admitted to a "willful obstruction of justice." The factual finding of "willfulness" was never submitted to the jury for a determination that Defendant committed such offense beyond a reasonable doubt. The judge, not the jury, made a sole factual determination that Defendant Hart willfully obstructed justice, and such a determination by the judge clearly violated the Sixth and Fifth Amendments.

**Enhancement for Possession of Firearm**

USSG 2D1.1 requires the judge to increase the offense level by two if a dangerous weapon was possessed. A sentence enhancement for a co-conspirator's firearm possession is proper only if the following conditions are met: (1) possessor must be charged as a co-conspirator; (2) co-conspirator must be found to have been possessing the firearm in furtherance of the conspiracy; and (3) the defendant who is to receive the enhanced sentence must have been a member of the conspiracy at the time of the firearm possession. U.S. v. Otero, 890 F.2d 366 (11th Cir. 1989); U.S. v. Gates, 967 F.2d 497

(11th Cir. 1992). In <u>Otero</u>, the appeals court affirmed the sentence enhancement for possession of firemarm where co-conspirator Perara pleaded guilty to the possession of the firearm during the drug offense for which Otero was charged. In <u>Gates</u>, the appeals court affirmed the firearm sentence enhancement where two guns were submitted into evidence at trial; the guns were found in the car driven by co-conspirator Houston in which Gates (defendant) and Burley were passengers at the time of the drug transaction; and the jury based upon the evidence submitted found Gates guilty of firearm charge.

The facts in <u>Gates</u> and <u>Otero</u> are distinguishable from this case because there was no evidence presented to the jury that Defendant Hart or any one of the co-conspirators possessed a firearm during a drug transaction; neither defendant pleaded guilty to a firearm charge; and the jury did not convict Defendant Hart or any of the co-conspirators of a firearm possession charge. The firearm possession was simply based upon the judge's finding during the sentencing hearing and made without a jury's determination of reasonable doubt in violation of the Sixth and Fifth Amendments. Also, the judge's finding did not comply with the legal standards as set forth in <u>Gates</u> and <u>Otero</u> because there was no evidence that Defendant Hart or any of the co-conspirators possessed guns during the commission of a drug transaction.

*Retroactivity*

The Supreme Court in <u>Teague v. Lane</u>, 489 U.S. 288, 109 S.Ct. 1060 (1989), held that a new rule would be applied retroactively if it place certain kinds of individuals beyond the power of the criminal law-making authority to proscribe, or *if it required the observance of those bedrock procedural elements that were absolutely prerequisite to fundamental fairness implicit in the concept of ordered liberty.* Defendant Hart argues

7

that without a jury's constitutional finding of guilt (i.e., that Defendant Hart possessed more than 20 grams of cocaine, possessed a firearm, and provided false testimony), her conviction lacks both "accuracy" and one of the bedrock procedural elements essential to the fairness of the proceeding.  Defendant also argues that the denial of a right to a jury verdict of guilt beyond a reasonable doubt constitutes a "structural error" as described by the Supreme Court in <u>Sullivan v. Louisiana</u>, 508 US 275, 113 S. Ct. 2078 (1993).  A structural error clearly goes without harm to the Defendant because of its role in determining Defendant's guilt or innocence; and thus no criminal punishment may be regarded as fundamentally fair where a "structural error" exists.  A jury's non-determination of Defendant Hart's possession of more than 20 grams of drugs, possession of a firearm, and her alleged obstruction of justice dilutes the standard of proof beyond a reasonable doubt and prevent a jury verdict of guilty from coming into existence.  This failure is a breach of right to a trial by jury, resulting in a lack of accuracy and the denial of a bedrock procedural element essential to fairness.  Such a structural error also deprives Defendant Hart of a fundamentally fair trial.  Therefore, Defendant argues that the <u>Booker</u> ruling should be applied retroactively to her case.

Respectfully submitted,

*Juanita Hart* 12-12-05
Juanita Hart, Pro Se
Federal Prison Camp
Reg. #09233002
Quarter Seminole A
PO Box 7006
Marianna, FL  32447-7006

8

CERTIFICATE OF SERVICE

I, Juanita Hart, certify that I have mailed a true and correct copy of the foregoing document in a postage-sufficient envelope in the institutional mailbox at Marianna FPC to the following:

Mr. Terry Moorer
Assistant U.S. Attorney
P. O. Box 197
Montgomery, AL 36101-0197

This __12th__ day of December, 2005.

Respectfully submitted,

*Juanita Hart*

Juanita Hart, Pro Se
Federal Register No. 09233-002
Seminole A      FPC
P. O. Box 7006
Marianna, FL 32447-7006