IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | CASE NO. 05cv1193-T |
| | ) | (Cr. No. 93-310-N) |
| JUANITA HART, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

**UNITED STATES' RESPONSE TO § 2255 MOTION**

COMES NOW the United States of America, by and through its attorney, Leura Garrett Canary, United States Attorney, and, in compliance with this Court's order to show cause, responds to Defendant/Movant Juanita Hart's Motion Under § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody, as follows:

**I. PROCEDURAL HISTORY AND RELEVANT FACTS**

On December 8, 1993, 1994, Juanita Hart ("Hart") was indicted with 26 co-defendants for conspiracy to distribute and possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 and 846.  See Exhibit A, excerpt from the indictment.  She proceeded to trial on August 9, 1994, and on August 15, 1994, was convicted by a jury of the charged offenses.  (Doc. # 810.)  This Court sentenced Hart to serve 360 months in prison.  (Doc. # 955.)

Hart filed a notice of appeal.  (Doc. # 948.)  However, new information received by the Office of the United States Attorney concerning the reliability of testimony by an Andalusia, Alabama, police officer prompted Hart to file a motion to vacate, set aside, or correct sentence, or, in the alternative, a motion for a new trial.  (Doc. # 1006.)  On September 4, 1996, this Court

denied the motion to vacate, set aside, or correct sentence. (Doc. # 114.)

Hart filed a second motion to vacate, set aside, or correct sentence on November 24, 1997. (Doc. # 1237.) On December 31, 1997, the Eleventh Circuit directed this Court to construe the motion as one for a new trial. This Court denied the motion on March 23, 1999. (Doc. # 1247.)

Hart then proceeded with her appeal to the Eleventh Circuit. In the brief filed on her behalf, she raised two major issues. Specifically, in appealing whether her sentence violated Apprendi v. New Jersey, Hart challenged the drug quantity for which she was charged and the enhancement of her sentence for weapons possession and obstruction of justice. See Exhibit B, excerpted Table of Contents from Brief of Appellant Hart.

On April 23, 2001, the Eleventh Circuit found that, although the plain error occurred in sentencing Hart, her substantial rights were not affected because of "her admissions at trial and sentencing that she should be held responsible for 20 grams of cocaine base, an amount sufficient to warrant the sentence that was imposed." See Exhibit C, a copy of the appellate decision, at 2-3. The Court continued to find that the sentence enhancements for obstruction of justice and possession of a firearm were "not unconstitutional under Apprendi because Apprendi is not applicable to sentencing factors." Id. at 3. Therefore, Hart's conviction and sentence were affirmed. On June 4, 2001, Hart's petition for rehearing was denied. See Exhibit D, a copy of the Order denying Hart's petition for rehearing.

Hart filed this Motion to Vacate, And Or Correct Sentence on December 12, 2005. On December 19, 2005, this Court entered an Order directing the United States to respond to Hart's claims within thirty days. The United States now files this response to the § 2255 motion.

## II. CLAIMS RAISED IN THE § 2255 MOTION

As far as the United States can discern, Hart raises the following issues in her § 2255 motion:

1. Whether this Court miscalculated the relevant drug quantity;

2. Whether this Court improperly enhanced her sentence for obstructing justice, in violation of <u>United States v. Booker</u>; and,

3. Whether this Court improperly enhanced her sentence for possession of a firearm, in violation of <u>United States v. Booker</u>?

## III. RESPONSE TO CLAIMS FOR RELIEF

**A.** **<u>Hart Has Not Met The One-Year Statute Of Limitations Deadline For The Filing of Claims Under 28 U.S.C. § 2255</u>**.

The United States asserts the one-year period of limitations against Hart's claims in this matter. The limitation period runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Hart's convictions were affirmed by the Eleventh Circuit on April 23, 2001, and her

petition for rehearing en banc was denied on June 4, 2001. A judgment of conviction becomes final after an appeal when the time for seeking certiorari review in the Supreme Court expires. See Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072 (2003); Kaufman v. United States, 282 F.3d 1336, 1337-39 (11th Cir.2002). The denial of the petition for rehearing en banc began a 90-day period of time to petition for certiorari review. Close v. United States, 336 F.3d 1283, 1286 (11th Cir. 2003). Hart thus had ninety days from June 4, 2001 to petition for certiorari review before her sentence became final. Her failure to do so resulted in the finalization of her judgment of sentence on September 2, 2001. See Sup. Ct. R. 13.1.

Hart's filing a 28 U.S.C. § 2255 motion more than four years after her sentence became final renders her motion untimely. It should therefore be summarily dismissed by this Court.

B.  **Hart's Claims That Her Sentence Is Illegal Are Procedurally Barred And Not Properly Considered In This § 2255 Proceeding Because They Were Raised On Direct Appeal And Denied By The Appellate Court.**

Hart asserts that her sentence was unconstitutional due to Court's factual findings at sentencing, and that it therefore violated the principles enunciated by the U.S. Supreme Court in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), and United States v. Booker, 543 U.S. ___, 125 S.Ct. 738 (2005). However, these issues are barred from this Court's review because the Eleventh Circuit found Hart's claims regarding the drug quantity were incorrect, and that no Apprendi error occurred at sentencing. Hart's motion even acknowledges the Eleventh Circuit's findings that her admissions at trial and sentencing were sufficient to warrant the sentence that was imposed, and that her sentence enhancements for obstruction of justice and possession of a firearm were "not unconstitutional under Apprendi . . . ." See Hart Motion, at 3;

Exhibit C, at 2-3.

Clear Eleventh Circuit precedent holds that the "prior disposition of a ground of error on direct appeal, in most cases, precludes further review in a subsequent collateral proceeding." Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994). Therefore, these claims previously presented to the Eleventh Circuit are not only without merit, but are precluded from review in this proceeding.

C.  **In Addition To The Procedural Bar, Hart's Claims Are Without Merit Because United States v. Booker Does Not Apply To Cases On Collateral Review, And Thus Are Not Cognizable In A § 2255 Proceeding.**

Hart claims that her sentence enhancements were unconstitutional under United States v. Booker, 543 U.S. ___, 125 S.Ct. 738 (2005), and argues the retroactive application of Booker provides a basis for relief in his case. "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations." Stephens v. United States, 14 F.Supp.2d 1322, 1334 (N.D. Ga. 1998), quoting United States v. Guerra, 588 F.2d 519, 520-21 (5th Cir.1979). "[I]n this circuit, as well as in the Supreme Court, when a § 2255 petitioner sets out detailed factual allegations ... the petitioner is entitled to a hearing unless the motion and the files on record conclusively show the petitioner is entitled to no relief...." Potts v. Zant, 638 F.2d 727, 751 (5th Cir. 1981)(citations omitted).[1]

Hart is not entitled to relief because her Booker claims are not cognizable on collateral review, because the Supreme Court and the Eleventh Circuit have expressly stated that the decision should not be applied retroactively. The Booker decision itself reiterated that "[A] new

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit rendered prior to the close of business on September 30, 1981.

rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past." See Booker, 125 S.Ct. at 769.

The Eleventh Circuit has firmly set forth its conclusion it cannot apply the Booker decision to the collateral review of convictions which were already final. See Varela v. United States, 400 F.3d 864, 867-688 (11th Cir. 2005). See also In Re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (noting that the Supreme Court did not apply the Booker decision to cases on collateral review). Thus, pursuant to clear instruction from the Supreme Court and the Court of Appeals for the Eleventh Circuit, Hart's claims under Booker are not cognizable by this Court in a § 2255 proceeding, and must be dismissed.

### IV. CONCLUSION

For the above reasons, Defendant/Movant Juanita Hart fails to demonstrate that she is entitled to any relief from this Court, and her § 2255 motion should be dismissed.

Respectfully submitted this 11th day of January, 2006.

          Respectfully submitted,

          LEURA GARRETT CANARY
          UNITED STATES ATTORNEY
          /s/ Terry F. Moorer
          TERRY F. MOORER
          Assistant United States Attorney
          Post Office Box 197
          Montgomery, Alabama 36101-0197
          (334) 223-7280
          (334) 223-7135 fax
          terry.moorer@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | CASE NO. 05cv1193-T |
| | ) | (Cr. No. 93-310-N) |
| JUANITA HART, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify the following CM/ECF participant: Juanita Hart, # 09233-002, Seminole A, FPC, P.O. Box 7006, Marianna, FL 32447-7006.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Terry F. Moorer
TERRY F. MOORER
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
terry.moorer@usdoj.gov