**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

No. 94-7194
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

APR 2 3 2001

THOMAS K. KAHN
CLERK

D.C. Docket No. 93-00310-CR-N

UNITED STATES OF AMERICA,

                        Plaintiff-Appellee,

versus

JUANITA HART,

                        Defendant-Appellant.

Appeal from the United States District Court for the
Middle District of Alabama

(April 23, 2001)

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Juanita Hart ("Hart") appeals her 360-month sentence for conspiracy to distribute and possess cocaine and cocaine base, in violation of 21

U.S.C. § 846. Hart presents the following issues for appellate review: (1) whether the district court erred in denying her motion for a new trial by applying an incorrect standard; and (2) whether Hart's sentence violates the requirements of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

This Court has an obligation at any point in the appellate process to review whether it has appellate jurisdiction over the appeal or determine the scope of its jurisdiction. *In re Briglevich*, 847 F.2d 759, 760 (11th Cir. 1988). Because Hart did not object to the constitutionality of the sentence imposed in the district court, we review her challenge for plain error, which requires finding (1) an error, (2) that is plain, and (3) that affects the substantial rights of the defendant. *United States v. Swatzie*, 228 F.3d 1278, 1281 (11th Cir. 2000), *pet. for cert. filed*, Mar. 20, 2001.

After reviewing the record, we conclude that we do not have appellate jurisdiction to entertain Hart's contention that the district court applied the improper standard of review to her motion for new trial because she voluntarily dismissed her direct appeal of that order.

Although the district court did commit plain error in sentencing Hart because drug quantity was not presented to the jury or contained in the indictment, her substantial rights were not affected given her admissions at trial and sentencing that she should be held responsible for 20 grams of cocaine base, an amount sufficient to

2

warrant the sentence that was imposed. Moreover, the fairness of the proceedings was not seriously affected because there was overwhelming evidence of her guilt. Finally, Hart's sentence increases for obstruction of justice, for being a major participant, and for possession of a firearm are not unconstitutional under *Apprendi* because *Apprendi* is not applicable to sentencing factors. For the foregoing reasons, we affirm Hart's conviction and sentence.

**AFFIRMED.**