IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA          )
                                  )
        v.                        )          2:05-CV-1193-MHT
                                  )                WO
JUANITA HART                      )

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. 5) addressing the claims presented by the movant, Juanita Hart, in her 28 U.S.C. § 2255 motion. In its response, the government argues that Hart's motion is barred by the one-year period of limitation applicable to motions filed under 28 U.S.C. §2255. *See* § 105 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").[1] Specifically, the government contends that Hart's conviction for conspiracy to distribute and possess cocaine and cocaine base became final on September 2, 2001 – 90 days after entry of the appellate court's judgment affirming the conviction – and that the instant § 2255 motion was filed well after expiration of the one-year period of limitation. *See Jan. 11, 2006, Response of United States* (Doc. 5) at 3-4. In addition, the government argues that Hart's claim that her sentence violates the requirements of *Apprendi v. New Jersey* is procedurally barred because the claim was raised and disposed of on direct appeal. *Id*. at 4-5. The government further argues that Hart's claim that her sentence violates the Supreme Court's recent holding in *United States*

---

[1]"Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

*v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005), is not cognizable by this court because *Booker* is not retroactively applicable to cases on collateral review. *Id* at 5-6.

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Hart was convicted on August 15, 1994, and was sentenced on December 12, 1994. *See Jan. 11, 2006, Response of United States* (Doc. 5) at 1-2. She appealed to the Eleventh Circuit Court of Appeals, and in an unpublished opinion issued on April 23, 2001, that court affirmed her conviction and sentence. *See id.*, Exhibit C. Hart's petition for rehearing en banc was denied by the Eleventh Circuit on June 4, 2001. *See id.*, Exhibit D. Hart did not petition the United States Supreme Court for a writ of certiorari. Under the directives of 28 U.S.C. § 2255, then, her conviction became final on September 2, 2001 – 90 days after her petition for rehearing was denied by the appellate court.[2] Thus, Hart had until September 2,

_____

[2]When a defendant does not file a petition for certiorari with the United States Supreme Court, a conviction becomes "final" for purposes of 28 U.S.C. § 2255 upon expiration of the 90-day

2

2002, to file a timely § 2255 motion. The instant § 2255 motion was not filed until December 12, 2005.

As indicated above, 28 U.S.C. § 2255 directs that in those cases where the alleged "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" the limitation period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court ...." Hart maintains that the Supreme Court's holding in *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005), constitutes a new rule of law and should be applied retroactively to her case. However, the government argues that neither the Eleventh Circuit nor the Supreme Court has held that *Booker* is retroactive to cases on collateral review. *See Jan. 11, 2006, Response of United States* (Doc. 5) at 5-6.

Although Hart asserts claims based on the holding in *Booker*, the government is correct in arguing that *Booker* has not been made retroactively applicable to cases on collateral review. *See Varela v. United States*, 400 F.3d 864, 866-67 (11th Cir. 2005) (initial § 2255 proceedings); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (second or successive applications). Thus, Hart is not allowed a tolling of the limitation period until the release of *Booker* on January 12, 2005. Further, it does not appear that any of § 2255's other exceptions to application of the limitation period are applicable in this case.

Under the circumstances of this case as outlined herein, it appears to the court that the

period for seeking certiorari review. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).

one-year period of limitation of 28 U.S.C. § 2255 expired prior to Hart's filing her motion to vacate.  Accordingly it is

   **ORDERED** that ***on or before February 2, 2006, Hart shall show cause why her 28 U.S.C. § 2255 motion should not be dismissed*** as it was not filed within the one-year limitation period established by the AEDPA and for the other reasons stated in the government's response.

   Done this 12th day of January, 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

4