IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | Civil Action No. 2:05cv1193-MHT |
| | ) | [WO] |
| JUANITA HART | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court on a motion by federal inmate Juanita Hart ("Hart") to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.

## I. PROCEDURAL HISTORY

On August 15, 1994, a jury found Hart guilty of conspiracy to distribute and possess cocaine and cocaine base, in violation of 18 U.S.C. §§ 841(a)(1) and 846. On December 12, 2004, the court sentenced Hart to 360 months in prison. Hart appealed to the Eleventh Circuit Court of Appeals, and in an unpublished opinion issued on April 23, 2001, that court affirmed her conviction and sentence. *United States v. Hart*, [No. 94-7194] 254 F.3d 73 (11th Cir. Apr. 23, 2001) (Table). Hart's application for rehearing en banc was denied by the Eleventh Circuit on June 4, 2001. (*See* Doc. 5-5.) She did not petition the United States Supreme Court for a writ of certiorari.

On December 12, 2005, Hart filed this § 2255 motion,[1] asserting the following claims:

1.   The district court improperly calculated the drug quantity attributable to her for sentencing purposes.

2.   The district court's extra-verdict enhancement of her sentence for obstruction of justice and possession of a firearm violated the holdings of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).[2]

(Doc. Nos. 1 & 2.)

Pursuant to the orders of this court, the United States filed a response (Doc. No. 5) to Hart's § 2255 motion, in which the government argues, *inter alia*, that the motion is barred by the one-year limitation period applicable to 28 U.S.C. § 2255 motions. *See* § 105 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). With regard to the limitation

---

[1]Although Hart's motion was date-stamped "received" on December 15, 2005, this court, under the "mailbox rule," deems her motion filed on the date she delivered it to prison authorities for mailing, presumptively, December 12, 2005, the day that she signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2]In *Apprendi*, the Supreme Court held that, consistent with the Sixth Amendment's jury-trial right, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Blakely*, the Supreme Court revisited its Sixth Amendment jurisprudence in *Apprendi* in the context of Washington state's sentencing guideline scheme, and clarified that the relevant "statutory maximum for *Apprendi* [and Sixth Amendment] purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303 (emphasis and internal quotation marks omitted). Subsequently, in *Booker*, the Supreme Court applied *Blakely* to the Federal Sentencing Guidelines and held that the Federal Guidelines violate the Sixth Amendment right to a trial by jury to the extent that they permit a judge, under a mandatory guidelines system, to increase a defendant's sentence based on facts that are neither found by the jury nor admitted by the defendant. *Booker*, 543 U.S. at 244. To remedy this violation, the Court excised two specific provisions of the Sentencing Reform Act of 1984, thereby rendering the Federal Guidelines "effectively advisory." *Id*. at 245-46. As a result, a sentencing court must still "consider Guidelines ranges," but it may "tailor the sentence in light of other statutory concerns as well." *Id*.

period, the government contends that Hart's conviction became final on September 2, 2001 – 90 days after the appellate court denied her application for rehearing – and that the instant § 2255 motion is untimely because it was filed well after expiration of the one-year period of limitation.  (Doc. No. 5 at 3-4.)  Hart was afforded an opportunity to respond to the government's submission and has done so.  (Doc. No. 7.)

After due consideration and upon review of the § 2255 motion, the pleadings, and the record, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, Hart's motion should be denied.

## II.  DISCUSSION

### A.    Period of Limitation

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Eleventh Circuit affirmed Hooks's conviction and sentence by unpublished opinion on April 23, 2001, and denied her application for rehearing on June 4, 2001. *See United States v. Hart*, [No. 94-7194] 254 F.3d 73 (11th Cir. Apr. 23, 2001) (Table); *also* Doc. 5-5. Because Hart did not thereafter petition the Supreme Court for a writ of certiorari, her conviction became final by operation of law on September 2, 2001.[3] Thus, Hart had until September 2, 2002, to file a timely § 2255 motion. However, she filed her motion on December 12, 2005, over three years after expiration of the one-year period of limitation.

### B.    Exceptions Under § 2255 ¶ 6 (2)-(4)

As indicated above, 28 U.S.C. § 2255 directs that in those cases where the alleged "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" the limitation period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court ...." *See* 28 U.S.C. § 2255 ¶ 6 (3). Hart contends that her claim under *United States v. Booker*, 543 U.S. 220 (2005), qualifies as a newly recognized right that should be applied retroactively to her case.[4] (Doc. No. 2 at 7-8; Doc. No. 7.) However, *Booker* has not been made retroactively applicable to

---

[3]When a defendant does not file a petition for certiorari with the United States Supreme Court, a conviction becomes "final" for purposes of 28 U.S.C. § 2255 ninety days after the appellate court enters judgment on the appeal "or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion." *Close v. United States*, 336 F.3d 1283, 1285 (11th Cir. 2003); *see* Sup.Ct. R. 13(3).

[4]*Booker* was decided on January 12, 2005 – well after Hart's conviction became final.

4

cases on collateral review. *See Varela v. United States*, 400 F.3d 864, 866-67 (11ᵗʰ Cir. 2005). Thus, Hart's claim under *Booker* does not entitle her to benefit from § 2255's exception to the limitation period for newly recognized rights made retroactively applicable to cases on collateral review, and Hart is not allowed a tolling of the limitation period until *Booker*'s January 12, 2005, release date.

Nor does it appear that § 2255's other exceptions to application of the limitation period are applicable in this case. That is, Hart does not allege or establish that some governmental action impeded her from filing an earlier § 2255 motion, nor has she submitted any claim with supporting facts that could not have been previously discovered through the exercise of due diligence, such that the limitation period begins to run at a time other than upon the finality of her conviction. *See* 28 U.S.C. § 2255 ¶ 6 (2) & (4). Accordingly, under the circumstances of this case as outlined herein, the one-year limitation period of 28 U.S.C. § 2255 expired before Hart filed her § 2255 motion in this court.

### C.    Equitable Tolling

The limitation period "may be equitably tolled" on grounds apart from those specified in the statute if there are "extraordinary circumstances" presented by the movant which warrant an "equitable tolling" of the limitation period. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11ᵗʰ Cir. 1999). This court entered an order (Doc. No. 6) allowing Hart an opportunity to show cause why her § 2255 motion should not be barred from review by this court. Specifically, Hart was advised that she had failed to file the motion within the one-

5

year limitation period established by 28 U.S.C. § 2255. Hart filed a response to the court's order. (Doc. No. 7.) However, in that response, she does not assert any matters to indicate the existence of "extraordinary circumstances" which might warrant an equitable tolling of the limitation period in her case.

Based on the foregoing, the court finds that there is nothing before this court to indicate the existence of "extraordinary circumstances" that warrant an equitable tolling of the limitation period. The court further concludes that Hart fails to show cause why her § 2255 motion should not be dismissed as untimely filed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion to vacate pursuant to 28 U.S.C. § 2255 be denied and that this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before December 10, 2007. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See*

*Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 27th day of November, 2007.


                /s/Wallace Capel, Jr.
                WALLACE CAPEL, JR.
                UNITED STATES MAGISTRATE JUDGE