IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA,
    PLAINTIFF

V.

JUANITA HART,
    DEFENDANT

CIVIL ACTION NO:
2:05-cv-1193-MHT [WO]

### OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATIONS

COMES NOW, Defendant Juanita Hart, acting as Pro-se in the above-styled case, to file written objection(s) to the Magistrate Judge's proposed findings and recommendations. Defendant asks this Honorable Court to rule on these "Objections to Magristrate Judge's Recommendations" liberally, since the Defendant is not represented by Counsel. See <u>Haines vs. Kerner (1972) 404 US 519, 30 L Ed 2d 652, 92 S Ct 594.</u>

### HART'S SECTION 2255 MOTION WAS TIMELY UNDER 28 USC 2255(3), AS U.S. VS. BOOKER APPLIES RETROACTIVE TO HER CASE.

Under Section 2255(3), the limitations period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Hart's Section 2255 Motion alleged a <u>Booker</u> violation, and she argues below that <u>Booker</u> announced a right retroactively applicable to her collateral motion. If correct, then Hart's Motion (filed on December 12, 2005) was filed within one year of <u>Booker</u> (decided January 12, 2005). And thus is timely.

Hart is in a special position, relevant in determining whether <u>Booker</u> applies retroactively to her. (1) She is a federal prisoner filing a

Section 2255 Motion, not a state prisoner filing a Section 2254 Habeas Petition, and (2) her conviction became final after Apprendi v. New Jersey, 530 U.S. 466 (2000), but before Blakely vs. Washington, 542 U.S. 296 (2004), and U.S. v. Booker, 543 U.S. 220 (2005). Under this scenario, the key inquiry in the retroactivity calculus is determining whether Apprendi dictated the rule in Booker. If it did, then Booker was an extension of an old rule and thus applies retroactively. See Teague vs. Lane, 489 U.S. 288, 301 (1989). ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.")

In the context of a Section 2254 Habeas Petition and premised largely on comity to State Courts, the Supreme Court has applied an "all reasonable jurist" standard to determine whether existing precedent dictates a new rule. A new rule will be applied retroactively only where it is "apparent to all reasonable jurist" that the rule was dictated by existing precedent. See Beard v. Banks, 542 U.S. 406, 413 (2004) (question is whether a new rule "was dictated by then-existing precedent-whether, that is, the unlawfulness of [prisoner] conviction was apparent to all reasonable jurist". (All internals omitted). The Supreme Court, however, has not ruled on the question of whether the deferential "all reasonable jurist" standard applies to Section 2255 cases.

In Valentine vs. U.S., 488 F 2d 325, 330 (6th Cir. 2007)--a Section 2255 case--a panel of the Court, over Judge Martin's dissent, applied the "all reasonable jurist" standard and held that Apprendi did not dictate the result of Booker. However, the appellant brief did not raise, nor did the panel in Valentine expressly decide, the issue of whether the "all reasonable jurists" hurdle of Beard applies to Section 2255 prisoner. Instead, the Valentine panel, relying heavily on the standard without questioning its correctness, concluded

2

that the existence of dissent (i.e. disagreement among reasonable jurists) defeated the petitioner's argument for retroactivity. <u>Valentine, 488 F 3d at 330.</u>

As evident from Judge Martin's dissent in <u>Valentine</u>, the Teague retroactivity standard is less stringent in Section 2255 cases and must be premised not on the "all reasonable jurist" standard, but instead on "whether the new decision simply applies a well-established constitutional principle to govern a case which is closely analogous to those which have been previously considered in the prior case law". See <u>Valentine, 488 F 3d at 344</u> (Martin J, dissenting) (all internals omitted). This is so because, unlike Section 2254 cases, Section 2255 do not involve federalism concerns, and thus there is no need to defer to State-Court Judges for the sake of comity. See <u>Teague, 489 U.S. at 413-14</u> (citing federalism and comity justifications for "new rule" doctrine and noting that the "costs imposed upon the States by retroactive application of new rules of constitutional law on Habeas Corpus generally far outweigh the benefits of this application....In many ways the application of new rules to cases on collateral review may be more intrusive than the enjoining of criminal prosecutions...for it continually forces the States to marshal resources in order to keep in prison defendants whose trial and appeal conform to then-existing constitutional standards) (All internal omitted); <u>Butler v. McKellar, 494 U.S. 407, 414 (1990)</u>. "The 'new rule' principle therefore validates reasonable, good-faith interpretations of existing precedents made by State Courts even though they are shown to contrary to later decisions." Beard, 542 U.S. at 423 (Souter J. dissenting) ("Similary, the function of <u>Teague's</u> reasonable--jurist standard is to distinguish those developments in this Court's jurisprudence that State Judges should have

anticipated from those they could not have been expected to foresee".)

See also Valentine, 488 F 3d at 343 (Martin J., dissenting) ("These quotations clearly reveal that the standard new rule inquiry and its reference to opinions of reasonable jurists is largely based on concerns with federalism and comity, and demonstrates deference to reasonable State Court interpretations of law.")

Thus, whether a single "reasonableness jurist" might disagree is largely irrelevant in a Section 2255 case where there are no comity interests at stake. The only consideration is whether based on readings in Apprendi and Booker, Booker was a natural extension of Apprendi to an analogous set of circumstances.

Once viewed under this standard, it's clear from the two majority opinions in Booker that Apprendi dictated the result in Booker:

- [W]e reaffirm our holding in Apprendi. See Booker, 543 U.S. at 244.

- "whether our Apprendi line of cases applies to the Guidelines." Id. at 229.

- "More important than the language used in our holding in Apprendi are the principles we sought to vindicate. Those principles are unquestionably applicable to the Guidelines." Id. at 238.

The above language from Booker makes clear that the Supreme Court considered Booker and Blakely to be an extension of Apprendi to different but analogous circumstances. To hold that Booker was not a natural extension of Apprendi runs contrary to the Supreme Court's own characterization of the rule.

Indeed, Booker's retroactive effect, particularly in the context of a Section 2255 Motion, is not a well-settled question. Three months before Valentine was argued, the Supreme Court granted Certiorari on a question similar to the one presented here; see Burton vs. Stewart, 127 S. Ct. 793 (2007), demonstrating the importance of the issue. The question presented in Burton was: "Is the holding in Blakely a new rule or is it dictated by Apprendi?" The Supreme Court ultimately did not reach a decision on this question, for

which it granted certiorari; instead declining the issue on jurisdictional ground. See Burton, 127 S.Ct. at 794. This Court should decide the issue left open by Valentine and Burton; thereby holding that the Teague-light standard (see Valentine, 488 F. 3d at 344-45 (Martin, J., dissenting)) must apply to Section 2255 cases, rendering Booker retroactively applicable and Hart's Motion timely.

The question remains whether the "all reasonable jurist" standard designed for Section 2254 Motion is appropriate for the Section 2255 Motion. The selection of the standard is not merely an academic question, it is dispositive, as evident in Nichols vs. U.S. ___ F.3d ___, 2007 WL 2326051 (6th Cir. 2007). In Nichols, the Court recognized that Apprendi essentially protended Booker by making clear that the Guidelines stood on shaky grounds: "Apprendi did cast considerable doubt on the constitutionality of the Mandatory Guideline regiment. Id. at 3. Nichols is remarkable illustrative. Under a simple reasonableness test, the Court essentially concluded that Apprendi dictated the result in Booker. Nichols is an excellent example of how Apprendi dictated Booker under one standard (reasonableness), but not under another (all reasonable jurists).

At bottom, the standard is everything. If the Court applies a Nichols reasonableness standard or a "Teague-light" standard (see Valentine, 488 F.3d at 344-45 (Martin, J., dissenting) to Section 2255 cases involving Booker, the conclusion is ineluctable; Booker's Sixth Amendment Holding was merely a reasonable extension of Apprendi; and thus should be retroactively applicable to cases like this one. Note: In U.S. vs. Reese, 397 F.3d 1337, "a remand to Trial Court was necessary where the defendant expressly challenged his sentence on Apprendi grounds. Additionally, Defendant further asserts that she should have received relief under Apprendi; instead the Appellant Court

5

ruled that <u>Apprendi</u> did not apply to sentencing factors. However, Defendant Hart asserts this ruling is erroneous as <u>Aprendi</u> stated that characterization of a fact or circumstance as an element or sentencing factor is no determination, who decides, Judge or Jury. See <u>Apprendi, 530 U.S. at 476, 492</u>. Furthermore, as <u>Apprendi</u> applies to the Guidelines in <u>Booker</u>, 20 grams of cocaine base is not a sufficient amount to warrant the sentence (360 Months) imposed. The Appellant Ruling is exemplary of a grave miscarriage of justice. Thus, Defendant's <u>Apprendi</u>, now <u>Booker</u>, issues must be revisited and this failure of justice is due to be corrected, or considered for correction at the very least.

The manifest injustice of Hart's sentence is further magnified by the 100-to-1 differential that the Sentencing Commission, as well as the Supreme Court, has concluded as unwarranted. See <u>Kimbrough vs. United States, 552 U.S. _____ (2007)</u>.

## CONCLUSION

For the foregoing reasons, Defendant Hart should not be time-barred. Defendant Hart's Motion should be considered on its merit. Thereby, <u>Booker</u> should be applied retroactively to her case and relief should be granted. Defendant Hart has shown just cause as to why this Honorable Court should not accept the Magistrate Judge's Recommendation.

This 3rd day of January, 2008.

Respectfully submitted,

*Juanita Hart*

Juanita Hart, Pro-se
Federal Reg. #09233-002
Marianna FPC--Seminole A
P. O. Box 7006
Marianna, FL 32447-7006

CERTIFICATE OF SERVICE

I hereby certify that I have this date placed a true and correct copy of the foregoing documents in a postage-sufficient envelope in the U.S. Mail in the institutional mailbox at Marianna FPC, Marianna, FL to the following:

>Mr. Terry F. Moorer
>Assistant U.S. Attorney
>P. O. Box 197
>Montgomery, AL 36101-0197

This __3rd__ day of _____January_____, __2008__.

Respectfully submitted,

*Juanita Hart*

Juanita Hart, Pro-se

Federal Reg.#09233-002
Marianna Federal Prison Camp
P. O. Box 7006
Marianna, FL 32447-7006

JUANITA
#09233-0
MARIANNA
SEMINOLE A
P. O. BOX 7006
MARIANNA, FL 32447-7006

CLERK OF COURT
U.S. DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION
P. O. BOX 711
MONTGOMERY, AL 36101-0711